Parker, J.
I really perceive no question in this case. It was the express agreement of the parties in the policy that this premium should be deducted out of any loss that might be claimed. There was then no need of filing it, or pleading it by way of set-off, as is necessary in case of independent demands. This demand is connected with that of the plaintiff, and the court or jury would receive evidence of it in inquiring of the damages after a default. There is no suggestion that this premium has been paid. I am therefore for allowing it to be deducted from the amount of the loss.
Sewall, J.
It appears to me that the contract of the parties ought to govern in this case; and it is beyond question that their intention was a mutual allowance of loss and premium; that the sum to be eventually recovered upon the policy in any case of loss should be subject to a deduction of the premium, which should be due at the same time. The assessors have reported both sides of the case, the mutual demands of the parties * to [ * 235 1 *220 this policy, viz., the amount of the partial loss, and of the premi urn due against the same policy.
The only objection argued against this report is, that the assessors have exceeded their authority. But I think they had the power to consider and report upon both these points, as they both grew out of the contract referred to them, and upon which they were to assess the plaintiff’s damages, in consequence of the defendant’s being defaulted.
But this is not important to decide; for, it their authority had been more limited, and strictly confined to the estimation of the partial loss, — and the question before the Court was, for what sum judgment should be entered upon a report thus limited, —a suggestion of this contract would effectually introduce the premium due, which the Court would then set off and allow, in furtherance of the original contract between the parties, against the amount of the loss so stated by the report.
Sedgwick, J.
The only question is, Can the intentions of the parties in their original contract be carried into effect? Here was an agreement to set off premium against loss. The assessors were to determine the amount of the partial loss. This they have done, and have found a sum of money due to the defendants, by the very agreement itself, greater than the amount of such loss. I confess I see no valid or sound objection to the setting off one of these against the other.
Judgment was entered as follows: —" All which being seen and understood by the Court, and mature deliberation thereof had, — because it appears to the Court that the said premium mentioned in the said report ought by law to be first deducted from the loss, according to the terms of the policy, and _ because it appears that the same exceeds the said loss as aforesaid, — It is therefore considered that the said Livermore take nothing by his writ aforesaid, and that the said Newburyport Marine Insurance Company go thereof without day.” (a)

 Dodge vs. The Union M. I. Co. 17 Mass. Rep. 471. — Cleveland vs. Clapp & Al. 5 Mass. Rep. 201.